United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN F. BERMUDEZ L.,<br><br>Plaintiff,<br><br>v.<br><br>THE WESTIN ST. FRANCIS HOTEL,<br><br>Defendant. | Case No. 16-cv-00257-EDL<br><br>**ORDER DISMISSING COMPLAINT SUA SPONTE**<br><br>Re: Dkt. No. 1 |

Plaintiff Juan F. Bermudez filed his Complaint and Application to Proceed In Forma Pauperis on January 15, 2016 and his consent to magistrate jurisdiction on January 26, 2016. Plaintiff's application to proceed in forma pauperis was granted on January 20, 2015. The complaint is now dismissed sua sponte with leave to amend.[1]

Although Plaintiff's Application to Proceed In Forma Pauperis was granted, the Marshal shall not serve the Complaint. In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). Dismissal on these grounds is often ordered sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Id., 490 U.S. at 324, 109 S. Ct. at 1831. Where a litigant is acting pro se and the court finds the

---

[1] To the extent that this order is dispositive, the Court does not require the consent of Defendants because Defendants have not been served and therefore are not parties under the meaning of 28 U.S.C. § 636(c). See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

litigant's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

Plaintiff alleges that he was discharged on December 7, 2012. ¶ 5L. He filed a claim with the EEOC on February 26, 2013, Dkt. 1 at 9, alleging national origin discrimination in violation of Title VII and also age discrimination under the ADEA. A right to sue letter was issued by the EEOC on October 22, 2015. The Complaint was filed on January 15, 2016.

Plaintiff relates a number of incidents beginning in 1989 in which he believes he was unfairly disciplined, terminated, rehired and ultimately fired. The Complaint contains allegations of a 1989 incident in which he was treated differently and more harshly than people of different nationalities ¶ 5c, 5d and also alleges that a number of incidents beginning in 2000 and culminating in his firing in 2012 were based on his national origin. With regard to his ADA claim, he alleges that because of an agreement made before he was rehired in 2012 "that at one mistake" he would be terminated, he developed "an unknow[n] medical condition of temporary [loss] of memory, as [diagnosed] by his" doctor on December 5, 2012. ¶ 5k. Two days later he was fired because of his alleged loss of memory. ¶ 5L.

Plaintiff does not name any specific individuals who carried out any of the actions described in the Complaint. Further, although Plaintiff identifies only the Westin St. Francis Hotel as the defendant in the caption of the Complaint, in the body of the Complaint he identifies Defendant 1 as "The Westin St. Francis Hotel/Debra Higa and as Defendant 2 "Hirschfeld Kraemer LLP/Amy Durgan." Complaint, p. 2. The Complaint does not state what actions alleged in the Complaint, if any, are attributable to these defendants and the caption does not name Debra Higa or "Defendant 2." Accordingly, the Complaint fails to include a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2). Therefore, the Complaint is dismissed.

Plaintiff is granted leave to file an amended complaint. Any amended complaint must be

1    filed within 30 days of the date of this Order, and should clearly state which allegations and claims
2    relate to which Defendants.
3        Plaintiff may wish to seek assistance from the Legal Help Center, a free service of the
4    Volunteer Legal Services Program, by calling (415) 782-8982 or signing up for an appointment on
5    the 15th Floor of the Courthouse, Room 2796. At the Legal Help Center, Plaintiffs may speak with
6    an attorney who may be able to provide basic legal help, but not legal representation. The Court
7    also urges Plaintiffs to obtain a copy of the Pro Se Handbook, available free of charge from the
8    Court's website (www.cand.uscourts.gov) or in the Clerk's Office on the 16th Floor, 450 Golden
9    Gate Avenue, San Francisco, CA.

**IT IS SO ORDERED.**

Dated:  February 29, 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

3